CHRISTOPHER M. HABASHY, SBN 280725
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: chabashy@bakerlaw.com

*Attorneys for Defendant*
SIEMENS ENERGY, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

GERRIT PIETERSMA, an individual,

Plaintiff,

v.

SIEMENS ENERGY, INC., a Delaware corporation; and DOES 1-50, inclusive,

Defendants.

Case No.: 2:24-cv-0721

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

[Filed concurrently with Civil Case Cover Sheet, Notice of Interested Parties]

Action Filed: December 14, 2024

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant SIEMENS ENERGY, INC. ("Defendant"), hereby removes the action filed by Plaintiff GERRIT PIETERSMA ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Gerrit Pietersma v. Siemens Energy, Inc., Case No. 23STCV0572,* to the United States District Court for the Central District of California – Western Division.

**JURIDICTION AND VENUE**

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446

because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Central District of California – Western Division embraces Los Angeles County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**

**PROCEDURAL BACKGROUND**

3. On December 14, 2023, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Gerrit Pietersma v. Siemens Energy, Inc., Case No. 23STCV30572* (the "State Court Action").

4. On December 29, 2023, Plaintiff served Defendant's registered agent for service of process with copies of the Summons, Complaint and related State Court documents. A true and correct copy of the Complaint served on Defendant is attached to this Notice of Removal as Exhibit "A." True and correct copies of all additional process, pleadings, and orders served upon Defendant are attached as Exhibit "B."

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this Notice of Removal within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

6. Defendant filed and served its Answer in the State Court Action on January 25, 2024. A true and correct conformed copy of Defendant's Answer is attached as Exhibit "C."

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**DIVERSITY OF CITIZENSHIP**

7. Plaintiff's Citizenship. As alleged in Plaintiff's Complaint, GERRIT PIETERSMA is and at all times relevant a resident of the State of California. [See Plaintiff's Complaint, attached as Exhibit A, ("Complaint") ¶ 1].

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is presumed to be a person's domicile in the absence of contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016). Courts treat a person's residence as prima facie evidence of domicile. *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).

9. Accordingly, because Plaintiff, by his own admission, has resided at all relevant times within California, and because there is no evidence that would indicate that Plaintiff's domicile is any state other than California, Plaintiff must be considered a citizen of California.

10. Defendant's Citizenship. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

11. Siemens Energy Inc.'s Citizenship. Siemens Energy, Inc. is incorporated in the State of Delaware. Pursuant to the *Hertz* nerve center test, Siemens Energy, Inc. has its principal place of business in Florida. Specifically,

Siemens Energy, Inc.'s headquarters is located at 4400 Alafaya Trail Orlando, FL 32826. Accordingly, for purposes of diversity, Defendant is a citizen of the states of Delaware and Florida. 28 U.S.C. § 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.* (2002) 536 U.S. 88, 91.

12. Doe Defendants. Although Plaintiff has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13. Complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Florida.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## AMOUNT IN CONTROVERSY

14. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

15. A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

16. Plaintiff's Complaint asserts the following nine causes of action against Defendant: (1) Discrimination in Violation of FEHA; (2) Failure to Provide Reasonable Accommodations in Violation of Government Code §§ 12940 et seq.;

(3) Failure to Engage in a Good Faith Interactive Process in Violation of Government Code §§ 12940 et seq.; (4) Retaliation in Violation of Government Code §§ 12940 et seq.; (5) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Government Code § 12940(k); (6) Interference with CFRA Rights; (7) Retaliation in Violation of The CFRA; (8) Violation of California Labor Code § § 98.6 and 1102.5; and (9) Wrongful Termination in Violation of Public Policy.

17. Amount in Controversy. Without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, the amount placed in controversy by Plaintiff's claims conservatively exceeds $75,000, exclusive of interest and costs.

a. Past and Future Lost Wages. Plaintiff seeks loss of past and future earnings. (Complaint Prayer ¶ 5). Plaintiff alleges that his employment by Defendant terminated on January 31, 2023. (Complaint, ¶ 12). At the time of his termination, Plaintiff was earning $41.42 an hour and was working 40 hours a week. Assuming a trial date of January 26, 2025 (one year from the filing of this Notice of Removal), Plaintiff's back pay from the date of the alleged termination through trial would total approximately $172,000. Though no trial date has been set, courts have often found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. *See, e.g.*, *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018).

Courts have also found that a three-year front pay award is reasonable to employees who experienced unlawful discrimination. *See, e.g. Glenn-Davis v. City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. Feb. 12, 2008). The estimated amount in controversy for Plaintiff's front pay claim, for purposes of this analysis only, proceeding from a conservative assumption that a court would award one year of front pay, would total approximately $86,000.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

b. Emotional Distress Damages. Plaintiff seeks damages for past and future emotional distress. (Prayer, ¶¶ 1,2). Emotional distress damages are considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Plaintiff does not specify an amount for such damages, but for purposes of this analysis only, Defendant conservatively estimates past and future emotional distress damages at $25,000. The $25,000 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the value California juries have awarded for emotional distress damages in cases involving claims for discrimination and wrongful termination. In *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles County Sup. Ct. July 19, 2013), for example, a jury awarded the plaintiff $151,333 for past and future emotional distress on claims for discrimination and harassment, failure to prevent discrimination and harassment and wrongful termination.

c. Attorneys' Fees. Plaintiff also seeks attorneys' fees under the Fair Employment and Housing Act ("FEHA") (Prayer, ¶ 6). When the underlying substantive law provides for an award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-48 (9th Cir. 2018) (the amount-in-controversy incorporates "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails," including attorneys' fees). Defendant conservatively estimates that, through trial, Plaintiff's attorneys' fees would be in excess of $75,000.

d. Total Amount in Controversy. As detailed above, without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, the amount-in-controversy exceeds $75,000, exclusive of costs and interest. The above-specified amounts are at least equal to $358,000, even

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

when ignoring Plaintiff's claims for punitive damages and lost employment benefits, which must also be factored into the amount-in-controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The table below summarizes the amounts in controversy for the relevant claims:

| | |
|---|---|
| Back Pay Damages | $172,000 |
| Front Pay Damages | $86,000 |
| Emotional Distress | $25,000 |
| Attorneys' Fees Through Trial | $75,000 |
| Total Sum | $358,000 |

18. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount of $75,000, exclusive of costs and interest, needed to meet the amount-in-controversy requirement. *See, e.g. Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## NOTICE

19. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Dated: January 26, 2024

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/Christopher M. Habashy*
CHRISTOPHER M. HABASHY

*Attorneys for Defendant*
SIEMENS ENERGY, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**CERTIFICATE OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509.

On January 26, 2024**,** I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

| | |
|---|---|
| ☑ | **VIA EMAIL:** by transmitting via electronic mail the document(s) listed above to the e mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error. |
| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

D. Aaron Brock
Christopher P. Brandes
Bianca M Dulgheru
**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Telephone: (310) 294-9595
Facsimile: (310) 961-3673
*Email:*
*ab@brockgonzales.com*
*cb@brockgonzales.com*
*bd@brockgonzales.com*

*Attorneys for Plaintiff*
GERRIT PIETERSMA

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2024, at Los Angeles, California.

Roxana Guevara